UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ROCHA VELASCO,<br><br>                    Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-01200 JLT SKO (HC)<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS; DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING [1]<br><br>(Docs. 1, 2.) |

## I.    INTRODUCTION

Before the Court for decision is Oscar Rocha Velasco's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 10.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico who has resided in the United States over 26 years. (Doc. 1 at 2.) Prior to his detention, Petitioner lived in Los Angeles, California with his spouse and two U.S. citizen children. (*Id*.) Petitioner was arrested seventeen years ago for a DUI and

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 10 at 1.) Because the Court orders the immediate release of the petition due to granting the petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

1  completed all conditions of that conviction. (*Id.*) On January 29, 2026, ICE officers encountered
2  Petitioner while he was working as a landscaper and subsequently detained him during an
3  immigration sweep. (*Id.*)
4      On February 11, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28
5  U.S.C. § 2241, asserting that his continued detention violates due process. (Doc. 1 at 7-8.)
6  Respondents opposes the Petition and issuance of preliminary injunctive relief and maintain that
7  Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C.
8  § 1225(b)(2). (*See generally* Doc. 10.)

### III.   LEGAL STANDARD

10     The Constitution guarantees that the writ of habeas corpus is "available to every
11 individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)
12 (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the
13 power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or
14 laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens
15 in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*
16 *R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   ANALYSIS

18     This Court has previously addressed similar due process arguments made by individuals
19 who entered the United States without permission long ago and have resided here for many years
20 without interacting with the immigration system and found that such individuals are not subject
21 to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-
22 01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026). for a supervision
23 violation).
24     Respondents offer little to rebut Petitioner's due process claim and do not provide any
25 justification for detaining Petitioner and make no effort to distinguish this current case from the
26 numerous cases issued by the undersigned, finding this legal position to be incorrect and the
27 detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16,
28 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D.

Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025) See e.g., *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## V.    CONCLUSION AND ORDER

1. Petitioners' petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

   Dated:   **February 25, 2026**

UNITED STATES DISTRICT JUDGE